IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV41-01-MU

| | |
|---|---|
| PERRY L. CRAWFORD, )<br>)<br>      Plaintiff, )<br>)<br>      v. )<br>)<br>JOHN CROW, )<br>)<br>      Defendant. )<br>) | **O R D E R** |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's[1] Complaint pursuant to 42 U.S.C. § 1983, filed February 18, 2005.

After reviewing Plaintiff's Complaint, it is evident to the Court that Plaintiff lacks standing with regard to his allegation that Defendant Crow, the superintendent of Lincoln Correctional Center, repeatedly kicked another inmate.

Likewise, Plaintiff's allegation that in retaliation[2] for filing a grievance regarding the alleged

---

[1] Plaintiff lists six additional plaintiffs. First, none of these six individuals have signed or otherwise personally indicated that they wish to be a part of this lawsuit. Indeed, Plaintiff has recently sent this Court a letter asking whether the other Plaintiffs have been notified of this lawsuit. Moreover, the Prison Litigation Reform Act (PLRA), requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Consequently, based upon the reasoning set forth in the United States Court of Appeals for the Eleventh Circuit's reasoning in Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001), if these other individuals wish to bring a § 1983 cause of action they must file a separate Complaint; pay a separate filing fee; and separately establish that they have exhausted their administrative remedies.

[2] The United States Court of Appeals for the Fourth Circuit has noted that in the prison context, retaliation claims should be treated with skepticism. See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996).

incident between Defendant Crow and another inmate he was transferred[3] to another correctional facility fails to state a claim upon which relief may be granted. In order to successfully assert a retaliation claim a plaintiff must allege that he was retaliated against for exercising a constitutional right. See Adams v.Rice, 40 F.3d 72, 75 (4th Cir. 1994), cert. denied, 514 U.S. 1022 (1995). Because Plaintiff had no constitutional right to file a grievance his allegation fails to state a claim. See id. (no constitutional right to file a grievance).

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

---

[3] As part of his transfer claim, Plaintiff alleges that all the white inmates received a promotion to minimum custody while all the black inmates were shipped. This broad, conclusory claim is insufficient to state a claim.

**Signed: July 25, 2005**

*Graham C. Mullen*
Graham C. Mullen
Chief United States District Judge